IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIA WREYFORD,            : <br> : <br>     Plaintiff,            : <br> v.                          : <br> : <br> AMG FINANCIAL SERVICES, LLC, : <br> a Delaware limited liability company, : <br> d/b/a Law Offices of Gary Feldman, and : <br> : <br> THE SCHREIBER LAW FIRM, PLLC, : <br> an Indiana professional limited liability : <br> company,                    : <br> : <br>     Defendants.          : <br> _____ : | CIVIL ACTION FILE <br><br> NO. _____ |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This court has jurisdiction over Plaintiff's substantive state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff JULIA WREYFORD is a resident of this Gwinnett County, Georgia and is authorized by law to bring this action.

5. Defendant AMG FINANCIAL SERVICES, LLC is a corporation organized under the laws of the State of Delaware with its principal place of business at Six Neshaminy Interplex, Suite 209, Trevose, PA 19053. [Hereinafter said defendant is referred to as "AMG"].

6. AMG may be served by personal service upon its registered agent in the State of Delaware, to wit: National Registered Agents, Inc. 160 Greentree Sr., Suite 101, Dover, DE 19904.

7. Alternatively, AMG may be served by personal service upon any authorized agent or office at its principal place of business.

8. Defendant THE SCHREIBER LAW FIRM, PLLC is a corporation organized under the laws of the State of Indiana with its principal place of business at 53 Styles Road, Suite A-102, Salem, NH 03079.  [Hereinafter said defendant is referred to as "SCHREIBER"].

9. SCHREIBER may be served by personal service upon any authorized agent or officer at its principal place of business.

10. Alternatively, SCHREIBER may be served by personal service upon any authorized agent or officer at its Mid Atlantic Office, to wit: Six Neshaminy Interplex, Suite 209, Trevose, PA 19053.

11. Alternatively, SCHREIBER may be served by personal service upon any authorized agent or officer at its Midwest Office, to wit: The Schreiber Building, 1320 W. Spencer Ave., Marion, IN 46952.

12. Defendants transact business in this State and District.

13. Defendants' transactions in this State and District give rise to the Plaintiff's claims.

14. Defendants are in the business of collecting debts.

15. In the course of their business, Defendants directed telephone calls to Plaintiff's cellular telephone in Georgia which form the basis of Plaintiff's claims.

16. Defendants are subject to the jurisdiction and venue of this Court.

17. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

18. Defendants made and/or initiated telephone calls to Plaintiff's cellular telephone number in an attempt to collect a debt from a person unknown to Plaintiff who is not a party to this action.

19. The telephone calls were made from telephone number 267-525-7060.

20. In the telephone calls, Defendants used an artificial or prerecorded voice to deliver messages requesting the alleged debtor to return the call to telephone number 1-877-556-4388.

21. Prior to May, 2013, the calls identified themselves as coming from the "Law Office of Gary Feldman."

22. The "Law Office of Gary Feldman" is a registered fictitious name for Defendant AMG.

23. In May, 2013, AMG and SCHREIBER began a "strategic alliance" whereby SCHREIBER began managing and operating AMG's Pennsylvania call centers.

24. After the "strategic alliance" between AMG and SCHREIBER commenced, the calls continued from telephone number 267-525-7060 with prerecorded messages requesting the alleged debtor to call 1-877-556-4388.

25. After the "strategic alliance" between AMG and SCHREIBER, the prerecorded messages began to identify the caller as SCHREIBER instead of the "Law Office of Gary Feldman."

26. All of the calls at issue were made from Defendants Pennsylvania based call centers to Plaintiff's cellular telephone number in Georgia.

27. The fact that the calls used an artificial or prerecorded voice is clear to any hearer of the messages.

28. Many of the messages were identical in content, used a prerecorded scripted voice message with an artificial voice interjecting the alleged debtor's name.

29. The telephone calls initiated by Defendants to Plaintiff's cellular telephone number were initiated using software capable of predictive dialing.

30. The telephone calls initiated by Defendants to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

31. The telephone calls initiated by Defendants to Plaintiff's cellular telephone number were initiated using dialing equipment which, in conjunction with collection software, has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

32. The telephone calls initiated by Defendants to Plaintiff's cellular telephone number were initiated using a dialing system which has the capacity to dial from a list of telephone numbers without human intervention.

33. Defendants's telephone calls to Plaintiff's cellular telephone number were initiated using an automatic telephone dialing system.

34. The fact that Defendants used an automatic telephone dialing system to initiate the calls is evidenced by Defendants's use of artificial or prerecorded voice messages whose primary purpose is to deliver messages

initiated through automated dialing software without the use of human intervention.

35. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

36. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

37. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

38. It was the intent of Defendants to initiate the telephone calls to Plaintiff's cellular telephone number in an attempt to collect a debt.

39. Defendants willfully ignored or acted with reckless disregard to the requirements of the TCPA, evidenced not only by the violations alleged in this action but also by their failure to adhere to the identification requirements for all artificial or prerecorded voice messages set forth in 47 U.S.C. § 227(d) and 47 C.F.R. § 64.1200(b).

40. The telephone calls to Plaintiff were an annoying nuisance and invaded the privacy interests that the TCPA was intended to protect.

41. Defendants' telephone calls violate the Telephone Consumer Protection Act.

42. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

43. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

44. Defendants' violations of the TCPA include, but are not limited to, the following:

45. Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

46. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

47. Defendants' violations were committed willfully or knowingly, and Plaintiff requests this court treble damages to $1,500.00 for each such violation.

48. The Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a)    That Plaintiff be awarded statutory and treble damages;

    b)    That Plaintiff be awarded the expenses of litigation including costs and a reasonable attorney fee;

    c)    That the Court declare each and every defense raised by Defendants to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by: ___/s/ Justin T. Holcombe___
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
 P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax