## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JULIA WREYFORD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:13-cv-03163-TCB |
| vs. | ) | |
| | ) | |
| AMG FINANCIAL SERVICES, LLC, | ) | |
| and | ) | |
| THE SCHREIBER LAW FIRM, PLLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendants, AMG FINANCIAL SERVICES, LLC and THE SCHREIBER LAW FIRM, PLLC in the above styled action, by and through undersigned counsel, without waiving any defenses, and hereby files this Answer to Plaintiff's Complaint [Doc 1] thereof state the following:

1.  Admitted

2.  Admitted

3.  Admitted

4.  Admitted

5.  Admitted

1

6.    Denied . To the extent the averments contained in paragraph 6 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

7.    Admitted in Part Denied in Part. AMG may be served at its principal place of business which at the present time it has not been served in accordance with Federal Rules of Civil Procedure for Original service of process. AMG may not be served at any office belonging to any vendor, independent contractor, contract law firm without prior written consent, member residence, or at any location that AMG merely has a business relationship. AMG must be served at its principal place of business which is 6 Neshaminy Interplex, Suite 209, Trevose, PA 19053, which Plaintiff's counsel lists as AMG principal place of business in paragraph 5 of its complaint [Doc 1].

8.    Denied. THE SCHREIBER LAW FIRM, PLLC is a Professional Limited Liability Corporation organized under the laws of the District of Columbia, Washington D.C. with its principal place of business at 6 Neshaminy Interplex, Suite 209, Trevose, PA 19053.

9.    Admitted in Part Denied in Part. SCHREIBER may be served at its principal place of business which at the present time it has not been served

2

in accordance with Federal Rules of Civil Procedure for Original service of process. SCHREIBER may not be served at any office belonging to any vendor, independent contractor, contract law firm without prior written consent, member residence, or at any location that SCHREIBER merely has a business relationship. SCHREIBER must be served at its principal place of business which is 6 Neshaminy Interplex, Suite 209, Trevose, PA 19053.

10. Admitted

11. Denied. SCHREIBER does not have an office located at The Schreiber Building, 1320 W. Spencer Ave., Marion, IN 46952.

12. Admitted.

13. Denied. To the extent the averments contained in paragraph 13 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

14. Admitted.

15. Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 15 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically

denied.  To the extent that these averments may be deemed as factual, they are also denied.

16.   Admitted.

17.   Denied.  To the extent the averments contained in paragraph 13 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

18.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 18 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

19.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 19 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically

denied.  To the extent that these averments may be deemed as factual, they are also denied.

20.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 20 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

21.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 21 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

22.   Denied.   To the extent the averments contained in paragraph 22 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

Gary M. Feldman, Esquire is an attorney with an office located at 1819 JFK Boulevard, Suite 400, Philadelphia, PA 19103. (See Defendants Exhibit 2).

23.   Denied.   To the extent the averments contained in paragraph 23 of plaintiff's complaint are conclusions of law, no response is required.   All other allegations, whether express or implied, are specifically denied.   To the extent that these averments may be deemed as factual, they are also denied. SCHREIBER does not manage and operate AMG's Pennsylvania call centers.

24.   Denied.   Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.   To the extent the averments contained in paragraph 24 of plaintiff's complaint are conclusions of law, no response is required.   All other allegations, whether express or implied, are specifically denied.   To the extent that these averments may be deemed as factual, they are also denied.

25.   Denied.   Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.   To the extent the averments contained in paragraph 25 of plaintiff's complaint are conclusions of law, no response is required.   All other allegations, whether express or implied, are specifically

denied. To the extent that these averments may be deemed as factual, they are also denied.

26.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 26 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

27.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 27 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

28.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 28 of plaintiff's complaint are conclusions of law, no response is

required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

29.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 29 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

30.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 30 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

31.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in

paragraph 31 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

32. Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 32 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

33. Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 33 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

34. Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations

and demands strict proof thereof.  To the extent the averments contained in paragraph 34 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

35.    Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 35 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

36.    Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 36 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

37.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 37 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

38.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 38 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

39.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 39 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically

denied.  To the extent that these averments may be deemed as factual, they are also denied.

40.    Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 40 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

41.    Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 41 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

42.    Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 42 of plaintiff's complaint are conclusions of law, no response is

required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

43.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 43 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

44.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in paragraph 44 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

45.   Denied.  Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof.  To the extent the averments contained in

paragraph 45 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

46.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 46 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

47.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations and demands strict proof thereof. To the extent the averments contained in paragraph 47 of plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

48.   Denied. Plaintiff's complaint fails to provide the number allegedly called nor is it provided as an exhibit, Defendant therefore denies these allegations

and demands strict proof thereof.  To the extent the averments contained in paragraph 48 of plaintiff's complaint are conclusions of law, no response is required.  All other allegations, whether express or implied, are specifically denied.  To the extent that these averments may be deemed as factual, they are also denied.

Defendant denies any and all allegations contained in Plaintiffs Request for relief and specifically denies that Plaintiffs' are entitled to any relief stated therein.

## AFFIRMATIVE DEFENSES

By and for their Affirmative Defenses, Defendants state the following:

### First Affirmative Defense
### Rule12(b)(6), Fed. R. Civ. P.

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted against defendant.  The Defendants make calls in the course of debt collection and are exempt from the TCPA.  See, *Meadows v. Franklin Collection Serv., Inc.,* 414 F. App'x 230, 235 (11th Cir. 2011), held, "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage." See also *Roy v. Dell Financial Services,* Middle District of Pa., 3:13-CV-738 *Gager v. Dell Fin.Serv., LLC,* No. 11–CV–2115, 2012 WL 1942079, at *6 (M.D. Pa. May 29, 2012).

## Second Affirmative Defense

2.    Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendants did not engage in any violation of the TCPA alleged by Plaintiffs', Plaintiffs' failed to include the party(s) who allegedly engaged in the violation of the TCPA and who is/are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure and for such failure, Plaintiffs' Complaint should be dismissed with prejudice as to Defendants.

## Third Affirmative Defense

3.    Defendant further asserts the affirmative defense that the statutory damages sought by Plaintiffs are unconstitutionally excessive as applied.

4.    Plaintiffs seek statutory damages of at least $500.00 per call in Plaintiffs' Complaint.

5.    Plaintiffs further seeks statutory damages of at least $1,500.00 per call by mischaracterizing the calls in Plaintiffs' Complaint.

6.    The total cost to Plaintiffs' from the calls might have been approximately 15 cents per call.

7.    Plaintiffs' seek statutory damages equivalent to at least 3,333 times the amount of their potential actual damages.

8.    As courts have recognized statutory damages to be punitive in nature, On

Davis v. The Gap, Inc., 246 F.3d 152, 172 (2d Cir. 2001), statutory damages must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged infringement.

9.  As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 77 U.S.P.Q.2d 1833, 2005 Copr. L. Dec. P 29,020 (N.D.Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." Id.

10.  Pursuant to applicable law concerning the constitutionality of statutory damages, the Plaintiffs' recovery, if any, must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged calls.

11.  The ratio of Plaintiffs' recovery, if any, to its actual damages must be limited such that the ratio and the recovery comport with due process.

12.  At the minimum, the Plaintiffs' recovery, if any, must not exceed nine (9) times the amount of their actual damages to so comport with due process and constitutional propriety.

13.  Defendant contends that the Plaintiffs' recovery, if any, must not exceed four (4) times the amount of their actual damages to so comport with due process and constitutional propriety.

14.  For these reasons, this Court must limit Plaintiffs' recovery, if any, to a ration that comports with due process and constitutional propriety.

## Fourth Affirmative Defense

15.  Plaintiffs' claims are barred, in whole or part, by the doctrine of laches.

## Fifth Affirmative Defense

17.  Plaintiffs are barred from maintaining their claims on obtaining the relief sought in the case at bar under the doctrine of estoppel.

## Sixth Affirmative Defense

18.  Plaintiffs' claims are barred, in whole or in part by the appropriate statute of limitations.

## Seventh Affirmative Defense

19.  Plaintiff's claims are barred by the doctrine of unclean hands.

## Eighth Affirmative Defense

20.  Plaintiffs, claims are barred, in whole or in part, by the doctrine of waiver.

<u>Ninth Affirmative Defense</u>

21.   Plaintiffs failed to mitigate their damages, if any.   Plaintiff never communicated in any form to the Defendants that they were receiving unauthorized phone calls.

<u>Tenth Affirmative Defense</u>

22.   While Defendants deny the allegations of facts and conclusions of law alleged in Plaintiffs' Complaint, Defendant asserts, that any calls would have been solely been for the purpose of collection of a legitimate debt and thus exempt from the TCPA, See, *Meadows v. Franklin Collection Serv., Inc.,* 414 F. App'x 230, 235 (11th Cir. 2011), held, "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage." See also *Roy v. Dell Financial Services,* Middle District of Pa., 3:13-CV-738 *Gager v. Dell Fin.Serv., LLC*, No. 11–CV–2115, 2012 WL 1942079, at *6 (M.D. Pa. May 29, 2012), or in the alternative, are exempt under the safe harbor provisions of the TCPA for ported land lines and phone number reassignment.

<u>Eleventh Affirmative Defense</u>

23.   Defendants did not intentionally or otherwise deprive or cause Plaintiffs to be deprived of any of their rights.

### Twelfth Affirmative Defense

24.  Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically reply in the Answer to Plaintiffs' Complaint.

### Thirteenth Affirmative Defense

25.  Defendants reserves the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Honorable Court find judgment for Defendants, Dismiss Plaintiffs' complaint with prejudice, deny Plaintiffs' request for statutory damages, deny Plaintiffs' request for costs, deny Plaintiffs' request for attorney's fees and deny Plaintiffs' request for any relief whatsoever.

Defendants further pray that this Honorable Court hold that Defendants are the prevailing party and award them relief under 42 Pa.C.S.A. § 8351(a) Wrongful Use of Civil Proceedings (Dragonetti Act) and enter judgment against Plaintiff and in favor of the Defendants in the amount of $10,000.00 for legal fees and costs.

Respectfully submitted this 9th day of January, 2014.

> s/ David Kennedy Bifulco, Esq.
> PA. BAR NO. 310038
> Attorney for
> The Schreiber Law Firm PLLC
> AMG Financial Services, LLC
> 6 Neshaminy Interplex, Drive, Suite 212
> Trevose, PA 19053
> Phone: (610) 676-0650
> Fax: (610) 646-7444
> Email: david@dkblaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JULIA WREYFORD, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 1:13-cv-03163-TCB** |
| vs. | ) | |
| | ) | |
| AMG FINANCIAL SERVICES, LLC, | ) | |
| and | ) | |
| THE SCHREIBER LAW FIRM, PLLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Justin T. Holcombe, Esq.
Attorney for Plaintiff
jholcombe@skaarandfeagle.com

This 9th day of January, 2014.

s/ David Kennedy Bifulco, Esq.
PA. BAR NO. 310038
The Schreiber Law Firm PLLC
AMG Financial Services, LLC
6 Neshaminy Interplex, Drive, Suite 212
Trevose, PA 19053
Phone: (610) 676-0650
Fax: (610) 646-7444
Email: david@dkblaw.net