IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIA WREYFORD, : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE |
| v. : | |
| : | NO. 1:13-CV-3163-TCB |
| AMG FINANCIAL SERVICES, LLC, : | |
| a Delaware limited liability company, : | |
| d/b/a Law Offices of Gary Feldman, et al., : | |
| : | |
| Defendants. : | |
| _____ : | |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW PLAINTIFF, pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's local rule 26.1 and files this his initial disclosures.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff contends that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by calling Plaintiff's cellular

-1-

telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent in an attempt to collect a debt.

The Legal Issues to be tried are as follows:

1. The number of artificial or prerecorded voice calls made by the Defendant to Plaintiff's cellular telephone number;

2. The number of calls initiated to Plaintiff's cellular telephone number using an automatic telephone dialing system;

3. If the Defendant is found to have violated the TCPA, whether the violations were willful or knowing;

4. If a violation is found, the amount of statutory damages to be awarded to the Plaintiff; and

5. If a violation of the TCPA is found, whether Plaintiff is entitled to attorney's fees under O.C.G.A. § 13-6-11, and if so, the amount of attorney's fees.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff**

**contends are applicable to this action.**

Plaintiff incorporates by reference the authority listed in connection with the statement of issues in answer number one, above, listed in connection with the statement of damages in answer number six, below, and the authority cited in any previous motion or pleading in this action. In addition to the foregoing, the Plaintiff believes the following may be applicable in this action:

- A. Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and the regulations proscribed thereunder, 47 CFR § 64.1200.

- B. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*; 18 FCC Rcd 14014 (F.C.C. 2003); *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (F.C.C. 2008); *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453 (11th Cir. 2012).

- C. 47 U.S.C. § 312(f); *Am. Home Servs., Inc. v. A Fast Sign Co.*, 322 Ga. App. 791, 796 (2013); *Stewart v. Regent Asset Management Solutions, Inc.*, 2011 WL 1766018, 2011 U.S. Dist. LEXIS 50046 (N.D. Ga. May 4, 2011), *adopted by* 2011 U.S. Dist. LEXIS 58600 (N.D. Ga. May 31, 2011); *Sengenberger v. Credit Control Services,*

|   |   |
|---|---|
|   | *Inc.*, 2010 WL 1791270 (N.D. Ill. May 5, 2010); *Charvat v. Ryan*, 879 N.E. 2d 765 (Ohio 2007). (Establishing the standard for treble damages under the TCPA). |
| D. | *Soppet v. Enhanced Recovery Company, LLC*, 679 F.3d 637 (7th Cir. 2012); *Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316 (S.D. Fla. 2012) (prior express consent must come from the current subscriber). |
| E. | *Alea London Ltd. v. Am. Home Serv., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011); *Fillichio v. M.R.S. Assocs., Inc.*, No. 09–61629–CIV, 2010 WL 4261442, at *4 (S.D.Fla. Oct. 19, 2010); *Holtzman v. Turza*, 2010 WL 3076258, at *5 (N.D. Ill. 2010); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 761 (N.D.Ill.2011); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex. Ct. App. 2004); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.*, 2006 WL 2771640, at *4 (Mo. Ct. App. 2006); *Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 750 (Ohio Com. Pl. 2003) (TCPA is a strict liability statute, and Plaintiff has no duty to mitigate damages). |

(3) Provide the name and, if known, the address and telephone numbers of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff is seeking compensatory actual and treble damages in the liquidated amounts provided by statute. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Alea London, Ltd. v. American Home Services, Inc.*, 638 F.3d 768 (11th Cir. 2011) *cert denied* 132 S. Ct. 553 (2011). Plaintiff is seeking attorney's fees pursuant to O.C.G.A. § 13-6-11. Such fees will be calculated at the conclusion of the case or at trial using the lodestar method.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be**

**entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Presently, Plaintiff knows of no insurance coverage.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

None.

Respectfully Submitted,

         SKAAR & FEAGLE, LLP

      by:  / s/ Justin T. Holcombe
         Justin T. Holcombe
         Attorney for Plaintiff
         Georgia Bar No. 552100

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600  ●  fax (404) 601 - 1855
jholcombe@skaarandfeagle.com

## ATTACHMENT A - WITNESSES

At this time, plaintiff has not decided who will be called as witnesses in this action. The following constitutes a non-exhaustive list of those individuals who may have knowledge of facts relative to the allegations of the complaint. Plaintiff will notify the Defendant of other witnesses when they become known to Plaintiff.

Fact witnesses:

    Plaintiff has knowledge of telephone calls she received on his cellular telephone. Plaintiff may be contacted through counsel.

    Representatives or persons employed by Defendants have knowledge of or access to business records regarding the telephone calls made to Plaintiff's cellular telephone number and the type of dialing systems used to make those telephone calls.

    AT&T Mobility, LLC, has information regarding Plaintiff's cellular telephone service.

    Defendants' telephone carrier has information regarding Defendants' telephone services.

    Plaintiff reserves the right to amend this non-exhaustive list as discovery and investigation continues.

## ATTACHMENT B - EXPERT WITNESSES

At this time, Plaintiff has not decided who will be called as witnesses in this action. No trial experts have been retained at this time.

## ATTACHMENT C - DOCUMENTS

At this time, Plaintiff has not decided what exhibits will be tendered in this action. The following constitutes a non-exhaustive list of those documents which may contain information relative to the allegations of the complaint.

- A. Audio recordings of the telephone communications from Defendant.
- B. Records which may be produced by the Defendant and/or telephone companies which show when, from where and to whom Defendant or its vendors placed telephone calls.
- C. The manual for defendants dialing software.

## ATTACHMENT D - DOCUMENTS

At this time, Plaintiff has not decided what exhibits will be tendered in this action. At this time, Plaintiff has identified no documents on damage issues other than those listed above in Attachment C.

## ATTACHMENT E - DOCUMENTS

No responsive document is presently in the possession of the Plaintiff.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIA WREYFORD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. 1:13-CV-3163-TCB |
| AMG FINANCIAL SERVICES, LLC, | : | |
| a Delaware limited liability company, | : | |
| d/b/a Law Offices of Gary Feldman, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

This <u>17th</u> day of February, 2014.

                                                                                                        **SKAAR & FEAGLE, LLP**

                                                                                                        /s/ Justin T. Holcombe
                                                                                                        Justin T. Holcombe
                                                                                                        Georgia Bar No. 552100

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600  ●  fax (404) 601 - 1855
jholcombe@skaarandfeagle.com